## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA PAYNE, as parent and next friend of M.P., a minor )<br><br>Plaintiff, )<br><br>v. )<br><br>INDEPENDENT SCHOOL DISTRICT I-001 OF JACKSON COUNTY, a/k/a NAVAJO PUBLIC SCHOOLS, and TIM HAGEN, )<br><br>Defendants. ) | Case No. CIV-21-00555-JD |

## ORDER

Before the Court is Tim Hagen's ("Hagen") Motion to Dismiss ("Motion"). [Doc. No. 11]. The Motion seeks dismissal of the claim asserted against Hagen in the Amended Complaint filed by Martha Payne, as parent and next friend of M.P., a minor ("Plaintiff"). [Doc. No. 8]. Plaintiff responded in opposition [Doc. No. 13], and Hagen replied [Doc. No. 14]. For the following reasons, the Court dismisses Plaintiff's claim against Hagen under Federal Rule of Civil Procedure 12(b)(6).

## I.      BACKGROUND

At the time of the events in question, M.P. was a four-year-old pre-kindergarten student at Defendant Independent School District I-001 of Jackson County, also known as Navajo Public Schools ("NPS"). Brandon Sollis ("Sollis") was a high school student at NPS. Hagen was the driver of the school bus that M.P. and Sollis rode to and from school.

On October 22, 2019, Sollis kissed M.P. and touched her in a sexual manner while they were on the bus. On October 23, 2019, Sollis again kissed M.P. while they were riding the bus. That day, M.P. told her mother who then notified school officials of Sollis' sexually inappropriate behavior. Hagen was not one of the officials notified. On October 24, 2019, Sollis physically assaulted M.P. on the bus. Sollis touched M.P. under her clothes and had M.P. sit on his lap while they were on the bus.

Hagen was present during each of these incidents because he was the driver of the bus. Hagen had the authority to stop Sollis' conduct and prevent him from riding the bus. He was also in charge of supervising the students on the bus. But Hagen did not do anything despite being "a witness to the conduct as the bus driver and supervisor." Am. Compl. [Doc. No. 8] ¶ 36.

On October 25, 2019, Jackson County Sheriff's Deputy Rusty Garrett received a report from NPS regarding Sollis' sexual assault of M.P. Deputy Garrett investigated, and eventually Sollis was charged with Lewd Molestation in the District Court of Jackson County. M.P. is the victim in the criminal case. *See id.* ¶ 32.

Plaintiff filed suit in the District Court of Jackson County, Oklahoma. Defendants removed the case to this Court. Plaintiff brings claims against NPS for negligence, violation of Title IX, and violation of M.P.'s substantive due process rights under the Fourteenth Amendment through 42 U.S.C. § 1983. Against Hagen, Plaintiff only brings the substantive due process claim.

## II.   <u>LEGAL STANDARD</u>

"Rule 12(b)(6) dismissal 'is appropriate if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)). The Court must "view the allegations and all reasonable inferences in favor of the plaintiffs." *Hubbard v. Okla. ex rel. Okla. Dep't of Hum. Servs.*, 759 F. App'x 693, 696 (10th Cir. 2018) (unpublished).

In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 678, 679.

## III.   <u>ANALYSIS</u>

Hagen argues that Plaintiff, who relies on the state-created danger theory for her substantive due process claim, has failed to plead a claim for relief. Alternatively, Hagen contends the claim against him should be dismissed because he is entitled to qualified

3

immunity. Plaintiff argues she has successfully alleged a violation of M.P.'s substantive due process and equal protection rights.[1] Because the Court concludes Plaintiff has failed to plausibly allege a substantive due process claim against Hagen, it does not reach the issue of whether Hagen is entitled to qualified immunity.

Generally, the due process clause of the Fourteenth Amendment "does not require the state to protect life, liberty, and property of its citizens against invasion by private actors." *Est. of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013). The Tenth Circuit, however, has recognized a "narrow" exception to this rule. *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 921 (10th Cir. 2012). The exception, known as the state-created danger theory, provides that "state officials can be liable for the acts of private parties where those officials created the very danger that caused the harm."[2] *Est. of B.I.C.*, 710 F.3d at 1173.

---

[1] In her Response, Plaintiff argues that she has "alleged sufficient facts to support a § 1983 claim under the equal protection clause" against Hagen. [Doc. No. 13 at 11]. However, in the Amended Complaint, an equal protection claim is nowhere to be found. "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true, and [the Court] will not consider evidence or allegations outside the four corners of the complaint . . . ." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) (citation omitted) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). Therefore, the Court does not consider Plaintiff's equal protection arguments.

[2] The Tenth Circuit has also recognized an exception where "the state has assumed a special relationship with and control over an individual." *Est. of B.I.C.*, 710 F.3d at 1173. This exception applies in the context of "incarceration, institutionalization, or other similar restraint of personal liberty." *Gray*, 672 F.3d at 916 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)). Neither of the parties argues this exception applies to the facts of this case. *Cf. Isaacs v. Konawa Pub. Schs.*, Nos. 21-7016 & 21-7039, 2022 WL 1100402, at *2 n.5 (10th Cir. Apr. 13, 2022)

To invoke this theory, a plaintiff must show there was violent conduct by a private actor and affirmative conduct by a state actor. "[T]he affirmative conduct required to support a danger creation claim 'should be directed at a discrete plaintiff.'" *Gray*, 672 F.3d at 926 (emphasis omitted) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002)). It must have also "created or increased the danger to the victims." *Id.* at 916. "[F]oreseeability cannot create an affirmative duty to protect," and "[i]naction by the state in the face of a known danger is not enough to trigger the obligation." *Id.*

After these preconditions have been established,

> the plaintiff must demonstrate that 1) plaintiff was a member of a limited and specifically definable group; 2) defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; 3) the risk was obvious or known; 4) defendant acted recklessly in conscious disregard of that risk; 5) such conduct when viewed in total, is conscience shocking; and 6) defendant created the danger or increased the plaintiff's vulnerability to the danger in some way.

*Id.* at 920 (internal ellipses and bracket omitted).

Here, Plaintiff has not plausibly alleged that any of Hagen's actions constituted affirmative conduct directed specifically at M.P. Essentially, all of Plaintiff's allegations regarding Hagen's conduct pertain to actions he did *not* take—i.e., passive conduct. *See* Am. Compl. ¶ 36 ("Hagen *allowed* Sollis'[] conduct to continue . . . ." (emphasis added)); *Id*. ¶ 67 ("Hagen *failed* his duty to supervise the school children on the school bus . . . ." (emphasis added)); *Id*. ¶ 36 (stating that, by "*allowing* Sollis to continue to ride the bus

---

(unpublished) (showing the elements that the plaintiff must allege to assert a special relationship claim).

and interact with M.P.," Hagen placed M.P. in a vulnerable position (emphasis added)). Such allegations are too passive to meet the Tenth Circuit's standards.

For example, in *Graham*, a mother alleged "another student shot and killed her son" and the "school district employees had received [prior] warnings that a student who had threatened violence against [her son] was on school grounds with a gun." *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 993 (10th Cir. 1994). However, the Tenth Circuit affirmed "dismissal of the complaint because it failed to allege 'affirmative actions by the defendants that created or increased the danger to the victims.'" *Gray*, 672 F.3d at 916 (quoting *Graham*, 22 F.3d at 995).

In *Sutton*, a child told his mother that he had been sexually assaulted at school while using the bathroom. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1230 (10th Cir. 1999). The child was sexually assaulted in the bathroom a second time despite the principal having assured the mother that her son "would be supervised at all times while in the bathroom." *Id.* Yet, the Tenth Circuit held the state-created danger substantive due process claim failed because "the complaint did not sufficiently plead 'affirmative acts on the part of [the principal].'" *Gray*, 672 F.3d at 918 (quoting *Sutton*, 173 F.3d at 1239).

These cases show the standards Plaintiff's allegations must meet to plausibly allege affirmative conduct. Knowing that an act of private violence is ongoing nor failing to stop such violence is alone not sufficient. The reasoning behind this seemingly harsh rule is the concept that § 1983 is not intended to replace state tort law. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1184 (10th Cir. 2002). Considering these standards, the Court

concludes Plaintiff has not sufficiently alleged that Hagen created or increased the danger to M.P. through any affirmative action. Because Plaintiff did not successfully allege the state-created danger theory's preconditions, it need not analyze the remaining six factors.

However, even if all the preconditions were met, Plaintiff has not plausibly alleged that Hagen's conduct "shocked the conscience" under the applicable legal standard. "Conduct that shocks the judicial conscience . . . is deliberate government action that is arbitrary and unrestrained by the established principles of private right and distributive justice." *Isaacs v. Konawa Pub. Schs.*, Nos. 21-7016 & 21-7039, 2022 WL 1100402, at *3 (10th Cir. Apr. 13, 2022) (unpublished) (quotations omitted) (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008)). "To show a defendant's conduct is conscience shocking, a plaintiff must prove a government actor arbitrarily abused his authority or employed it as an instrument of oppression." *Hernandez v. Ridley*, 734 F.3d 1254, 1261 (10th Cir. 2013) (quotations and alterations omitted) (quoting *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008)).

> In order to discern whether the facts of the instant case "shock the conscience" so as to rise to the level of a substantive due process violation, [the Court] must bear in mind three basic principles highlighted by the Supreme Court in evaluating substantive due process claims: (1) the need for restraint in defining their scope; (2) the concern that § 1983 not replace state tort law; and (3) the need for deference to local policymaking bodies in making decisions impacting upon public safety.

*Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (citations omitted).

With these standards in mind, Hagen's conduct does not shock the conscience. Plaintiff alleges that, while driving the bus, Hagen witnessed Sollis' conduct and did not do anything to stop M.P. from being sexually assaulted. But Plaintiff does not recount

how far back in the bus M.P. and Sollis were sitting or how Hagen observed Sollis' misconduct despite simultaneously driving the bus. The Amended Complaint only includes factual allegations like Sollis' conduct "was visible," and Hagen's "perspective [was] similar," albeit not identical, to that of the children on the bus. Am. Compl. ¶ 36. This is not enough to allege that Hagen acted arbitrarily or oppressively.

Although the Court views reasonable inferences in favor of Plaintiff, it must still "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In this light, Plaintiff's allegations do not describe conduct that was "egregious and outrageous" as to this defendant. *Hernandez*, 734 F.3d at 1261. Thus, even if Plaintiff plausibly alleged the necessary preconditions under the state-created danger theory, the Court alternatively concludes the claim should be dismissed as to Hagen since his conduct did not shock the conscience. *See Hubbard v. Okla. ex rel. Okla. Dep't of Hum. Servs.*, 759 F. App'x 693, 708 (10th Cir. 2018) (unpublished) ("Even knowingly permitting unreasonable risks to continue does not necessarily rise to the level of conscience shocking." (quoting *DeAnzona v. City & Cty. of Denver*, 222 F.3d 1229, 1235 (10th Cir. 2000))).

## IV.   <u>CONCLUSION</u>

For these reasons, the Court concludes that Plaintiff has not alleged enough facts to state a claim to relief against Hagen that is plausible on its face. The Court GRANTS Hagen's Motion to Dismiss [Doc. No. 11] and DISMISSES the substantive due process claim against him without prejudice.

IT IS SO ORDERED this 16th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE